EDWARD PRUSS, SR., APPELLANT, V. FRANK SCHULTZ ET
AL., APPELLEES.

FILED OCTOBER 13, 1917. No. 19466.

Appeal: TECHNICAL ERRORS. A judgment will not be reversed merely
on account of a technical error which does not affect the substan-
tial rights of the appellant.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*John M. Macfarland* and *Thomas J. Keenan,* for ap-
pellant.

*Jefferis & Tunison, A. H. Murdock* and *A. C. Pancoast,*
contra.

LETTON, J.

This is an action in replevin brought by Edward Pruss,
Sr., against Frank Schultz and C. F. Huntzinger. A
trial was had and verdict rendered, which was set
aside and a new trial ordered. Afterwards Frank P.
Lewis intervened.

The petition alleged, in substance, that on January 14,
1910, the plaintiff was the owner of and entitled to im-
mediate possession of certificate of membership No. 126
in the South Omaha Live. Stock Traders Exchange,
issued in 1908 to Edward Pruss, Jr., the son of plaintiff;
that the certificate had been assigned and indorsed by
the latter to plaintiff; that it was placed in the name of
Pruss, Jr., so that the latter could buy and sell cattle
upon the exchange. Huntzinger answered denying any
interest in the certificate, and stating that it was in his
hands as secretary of the exchange. Schultz answered
that he purchased the certificate in December, 1909, from
Frank P. Lewis, without any knowledge of any claim on
the part of Edward Pruss, Sr., or Edward Pruss, Jr. He
asked that he be adjudged the owner of the same. In the

petition in intervention Lewis alleged that Pruss, Sr., and Pruss, Jr., pledged and delivered the certificate to him as security for moneys to be advanced to them for trading in live stock; that he advanced at various times money to the amount of $820.83; that in 1909 he sold the certificate to Schultz; that after this suit was commenced he refunded the purchase price to Schultz and took back the certificate, and that he now claims a lien thereon and a special ownership therein for the sum of $820.83, with interest at 7 per cent. from January 13, 1909, for money advanced to Pruss, Jr. He asked judgment for the possession of the certificate until the amount due him has been paid. The jury found that Lewis was entitled to possession of the property and that the value of the possession was $410. Judgment was rendered accordingly.

The brief of appellant is not prepared in accordance with rule 12 (94 Neb. XI) of the court, which is designed to aid the court by clearly specifying the points in dispute, clarifying the issues, and thus securing a better understanding of the contentions of the complaining party, but several complaints seem to be made.

It is urged that, since Lewis had sold the certificate to Schultz, the verdict finding that the right of possession was in Lewis at the time the action was commenced is erroneous. In a certain sense this is true, but under the circumstances of this case it is not prejudicial to plaintiff. It is undisputed that the real owner of the certificate was the plaintiff Edward Pruss, Sr. He purchased it with his own money and procured it to be transferred and issued in the name of his son so that the son might buy and sell stock as a member of the exchange. The actual dispute is with reference to whether the certificate was ever pledged as security for money furnished Pruss, Jr. Lewis, who was in the business of furnishing office facilities, bookkeepers and credit to traders upon the exchange for a commission on each head of cattle sold, testified that both the senior and junior Pruss were

101 Neb.—43

present in his office at the time when the certificate was indorsed in blank by Pruss, Jr., and that the certificate was delivered to him by the senior Pruss; that afterwards he advanced money to Pruss, Jr., on the strength of the pledge, until December, 1908; that the senior Pruss several times examined the account kept in the name of the junior. Afterwards Pruss, Jr., was expelled from the exchange, and Pruss, Sr., with the assistance of Lewis disposed of the cattle he had on hand. Pruss, Jr., was afterwards reinstated as a member of the exchange. Lewis then contracted to sell the certificate to Schultz, and, according to the rule of the exchange, Schultz made an application for the transfer of the certificate on the books of the association from the name of Pruss, Jr., to himself. Pruss, Sr., then filed a protest with the secretary of the exchange against the exchange, which was delayed on this account, and the certificate was taken from the secretary by the writ issued in this case. Some time after the suit was begun it was agreed between Lewis and Schultz that the sale might be rescinded on account of the inability of Lewis to deliver the certificate. Lewis therefore succeeded to the interest of Schultz during the pendency of the action.

Under section 7832, Rev. St. 1913, the action might have proceeded in the name of Schultz. A verdict in his favor would have inured to the benefit of Lewis.

There is a direct conflict in the evidence as to whether the certificate was pledged to Lewis or merely left with other papers in a desk in his office. The preponderance is with the intervener upon this issue.

The verdict of the jury is amply supported by the evidence. We find no prejudicial error, and the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.