Parr v. Helfrich.

---

A. J. PARR, APPELLEE, V. CARL HELFRICH, APPELLANT.

FILED JUNE 22, 1922.  No. 22093.

Sales: Fraud: Bona Fide Purchaser. A fraudulent purchase of personal property accompanied with delivery is not void, but voidable only, at the election of the vendor, and until it is avoided the vendee has power to make a valid sale of the goods to a *bona fide* purchaser having no notice of the fraud.

APPEAL from the district court for Morrill county: ANSON A. WELCH, JUDGE. *Reversed.*

*C. G. Perry* and *R. O. Canaday,* for appellant.

*William A. Bryans, Jr.,* and *McDonald & Irwin, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and DAY, JJ.

MORRISSEY, C. J.

This is an action of replevin. Plaintiff, a resident of Denver, Colorado, was the owner of an automobile, which he advertised for sale. The automobile was in the garage at plaintiff's residence and his wife exhibited the car for sale to all persons who called to inspect it. There was no explicit designation of plaintiff's wife as agent with authority to sell the car, but their conduct and relations were such that her authority to so act is apparent. Among others who called to inspect the car were two men unknown to plaintiff's wife. These men represented that they were desirous of buying the car, inspected it, and ascertained the sum for which it could be purchased. They later returned and delivered to plaintiff's wife a purported certified check on the First National Bank of Denver for the price theretofore agreed upon, and the car was delivered to them. These men drove the car to Bridgeport, Nebraska, and sold and delivered it to defendant. Plaintiff presented the purported certified check to the bank on which it was drawn and whose certification it was supposed to bear. The check was pronounced a forgery and payment refused. At the conclusion of the testimony the court instructed a verdict in favor of plaintiff, and defendant appeals.

From the conduct of the trial and the language of the motion made for a directed verdict it may be inferred that plaintiff questions the good faith of defendant in making the purchase and is not disposed to concede him the status of an innocent, good-faith purchaser for value. We shall not review the evidence on the question of defendant's

good faith.  If the *bona fides* of the transaction is not con-
clusively shown it was a question to be determined by the
jury.  *Schmelzel v. Leecy,* 104 Neb. 672.

It is well settled that when property is obtained from
its owner by fraud, and the facts show a sale by the owner
to the fraudulent vendee, an innocent purchaser of the
property from the fraudulent vendee will take good title.
The inquiry is:  Did the owner intend to transfer the own-
ership as well as the possession of the property?  If he
did, there was a contract of sale.  The essential thing in
the passing of title to personal property is that the vendor
and the vendee intend that the title shall pass, and not
what induced them to have that intention.  But one who
has been induced by fraud to part with title to his prop-
erty has his remedy either in an action because of the
fraud and deceit, or he may rescind the contract and re-
cover back the property while title still remains in the
fraudulent vendee, but he cannot recover it when title has
passed to a *bona fide* purchaser for value.  *Homan v. La-
boo,* 2 Neb. 291; *Hoham v. Aukerman-Tuesburg Motors,
Inc.,* 133 N. E. (Ind. App.) 507.

As said by Shaw, C. J., in *Rowley v. Bigelow,* 12 Pick.
(Mass.) 307:  "Being tainted by fraud, as between the im-
mediate parties, the sale was voidable, and the vendors
might avoid it and reclaim their property. But it depended
upon them to avoid it or not, at their election. They might
treat the sale as a nullity and reclaim their goods, or af-
firm it and claim the price.  And cases may be imagined,
where the vendor, notwithstanding such fraud, practiced
on him, might, in consequence of obtaining security, by
attachment or otherwise, prefer to affirm the sale.  The
consequence therefore is that such sale is voidable, but
not absolutely void.  The consent of the vendor is given
to the transfer, but that consent being induced by false
and fraudulent representations, it is contrary to justice
and right that the vendor should suffer by it, or that the
fraudulent purchaser should avail himself of it; and upon
this ground, and for the benefit of the vendor alone, the

law allows him to avoid it. The difference between the case of property thus obtained, and property obtained by felony, is obvious. In the latter case, no right either of property or posesssion is acquired and the felon can convey none. We take the rule to be well settled that where there is a contract of sale, and an actual delivery pursuant to it, a title to the property passes, but voidable and defeasible as between the vendor and vendee, if obtained by false and fraudulent representations. The vendor therefore can reclaim his property as against the vendee, or any other person claiming under him and standing upon his title, but not against a *bona fide* purchaser without notice of the fraud. The ground of exception in favor of the latter is that he purchased of one having a possession under a contract of sale, and with a title to the property, though defeasible and voidable on the ground of fraud; but as the second purchaser takes without fraud and without notice of the fraud of the first purchaser, he takes a title freed from the taint of fraud."

Two pertinent inquiries were presented on the trial of this cause: Did plaintiff, through his agent, transfer title to the automobile to his fraudulent vendees? Did defendant become a *bona fide* purchaser, without notice of the fraud? On the record presented each of these questions should have been answered affirmatively by the court, or submitted to the jury for its determination.

The judgment is reversed and the cause remanded.

REVERSED.