ISLAND TRADING COMPANY, INC., Respondent, *v.* BERG BROTHERS, INC., Appellant.

First Department, May 2, 1924.

Sales — action in conversion to recover for goods stopped in transit — plaintiff secured letter of credit in favor of third person to be drawn on by draft accompanied by parcel post receipts — third person bought from defendant who shipped to plaintiff by parcel post and delivered receipts to third person — goods were not delivered on false representations and defendant could not reclaim them — goods were transferred to plaintiff, bona fide purchaser, before disaffirmance — Personal Property Law, § 105, applied — defendant did not have right under Personal Property Law, § 143, to stop goods in transit.

In an action in conversion to recover the value of goods shipped by the defendant by parcel post to the plaintiff, it appeared that the plaintiff opened a letter of credit in favor of a third person to be drawn on by drafts accompanied by parcel post receipts; that said third person purchased the goods from the defendant who, at his request, forwarded them by parcel post to the plaintiff and delivered the parcel post receipts to the third person upon his representation that he would use the same to procure the money and bring the cash back to

the defendant; and that said third person failed to pay for the goods and the defendant stopped the delivery thereof and reclaimed them.

*Held*, that since the goods were shipped to the plaintiff before the alleged fraudulent representation was made by the third person to the defendant in reference to securing the money on the parcel post receipts, the goods were not delivered upon false representations which would permit the defendant to disaffirm the sale and reclaim the goods and there not being any evidence of a preconceived design by the third person not to pay for the goods, the defendant did not have the right to stop delivery, and furthermore, there is sufficient evidence to justify the finding that the goods were sold by the defendant to the third person on credit.

Moreover, even if it be assumed that the goods were fraudulently procured by the third person, his title was not void but voidable merely at the option of the defendant provided such option was exercised before the transfer of the goods to the plaintiff, who was a *bona fide* purchaser for value and without notice; therefore, the defendant, not having complied with section 105 of the Personal Property Law prior to the transfer, is not entitled to stop the goods in transit and its doing so constituted conversion.

The right of stoppage in transit which the defendant may have possessed against the third person was, under section 143 of the Personal Property Law, divested by the act of the defendant in transferring the goods to the plaintiff before repudiation and, in connection with the third person, destroying the safeguards which the plaintiff had imposed for its protection which made it possible for the third person to obtain from the plaintiff the purchase price of the goods.

MERRELL, J., dissents.

APPEAL by the defendant, Berg Brothers, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of May, 1923, upon the verdict of a jury rendered by direction of the court.

*J. J. Podell* [*David L. Podell* with him on the brief], for the appellant.

*Giffin & Hannon* [*John T. Loughran* of counsel; *John W. Hannon* with him on the brief], for the respondent.

FINCH, J.:

It appears that the plaintiff, a mercantile corporation in the Philippine Islands, procured the opening of a letter of credit in New York city in favor of one Murat Bey, to be drawn on by drafts accompanied by invoices and parcel post receipts evidencing the shipment of the goods invoiced; that plaintiff ordered of Murat Bey certain goods which Murat Bey purchased from the defendant, who, at Murat Bey's request, forwarded the goods by parcel post to the plaintiff, delivering to Murat Bey the parcel post receipts upon his representation that he would use the same to procure the money and bring the cash back to the defendant. He failed to return with the cash, and the defendant stopped the delivery of the packages and reclaimed them from the Post Office Department.

The plaintiff has brought this action in conversion, and the question presented is whether under the above facts title passed to the plaintiff.

The appellant's contention is that the goods were obtained by trick and device, in that Murat Bey had no intention of paying for the goods and induced the defendant to deliver the parcel post receipts upon the false and fraudulent representation that he would return with the money. The receipts, however, did not represent the goods, but merely constituted evidence of their shipment. The goods were shipped before this alleged fraudulent representation was made. The goods, therefore, were not delivered upon such false representation. In order to permit of a seller disaffirming the sale and recovering the goods, there must be proof of a preconceived design on the part of the purchaser not to pay for the goods. (*Nichols* v. *Pinner*, 18 N. Y. 295; *Wright* v. *Brown*, 67 id. 1.) There is no proof of such an intention, since the fact that Murat Bey failed to keep his promise given to induce the delivery of the parcel post receipts after the goods had been shipped did not in any way emanate from the plaintiff. Upon the trial the contention of the plaintiff was that the defendant had sold the goods to Murat Bey on credit, and in this connection it appeared that the defendant's ledger showed an original entry in the form of a sale on credit, which was changed by striking out as defining the terms of sale the word "regular" and substituting the word "cash." Both parties having moved for the direction of a verdict, any conflicting inferences from the facts shown must be deemed determined in plaintiff's favor, with the same force as the verdict of a jury. (*Glanzer* v. *Shepard*, 233 N. Y. 236, 242.) Hence the trial court has found that there was a sale on credit and there is evidence sufficient to sustain such finding.

Moreover, even if it be assumed that the goods were fraudulently procured by Murat Bey, his title was not void, but voidable merely at the option of the defendant, provided such option be exercised before the transfer of the goods to a *bona fide* purchaser for value and without notice. (Pers. Prop. Law, § 105, as added by Laws of 1911, chap. 571.) Not only were the goods transferred to such a purchaser before such repudiation, but they were transferred and the safeguards which the plaintiff had imposed for its protection were complied with through the knowledge and assistance of the defendant, who made it possible for said Murat Bey to obtain from the plaintiff the purchase price of the goods by intrusting to Murat Bey the parcel post receipts. Under these circumstances,

any right of stoppage in transit which the defendant may have possessed against the purchaser Murat Bey, became divested. (Pers. Prop. Law, § 143, as added by Laws of 1911, chap. 571.) For the like reasons, the defendant is ·estopped from denying plaintiff's title in the goods. (*McConnell* v. *Hellwig*, 190 App. Div. 244, 250.)

It follows that the judgment should be affirmed, with costs.

CLARKE, P. J., and MARTIN, J., concur; MERRELL, J., dissents.

Judgment affirmed, with costs.