PINGLETON *v.* SHEPHERD.

4-9569                                        242 S. W. 2d 971

Opinion delivered October 29, 1951.

*G. W. Lookadoo,* for appellant.

*Lookadoo & Lookadoo* and *McMillan & McMillan,* for appellee.

ROBINSON, J.   The appellants herein, plaintiffs in the Circuit Court, are engaged in the automobile business in St. Louis, Missouri.   They filed suit in the Clark Circuit Court to replevy an automobile which they had sold to one, Jack Wortham, who gave them a check in payment of the purchase price, representing the check to be good, when, as a matter of fact, it was worthless.

The appellee, Shepherd, is in the automobile business at Arkadelphia, Arkansas, and bought the car in question from Wortham at Mauldings' Auto Auction in North Little Rock, Arkansas.   It developed that the automobile had been originally sold new at retail by the Metropolitan Chevrolet Company of Springfield, Illinois, to Maury Furman, who in turn sold the car to Hoehn Chevrolet Company of St. Louis, and transferred the Illinois certificate of title to Hoehn Chevrolet Company by signing the certificate in blank.   Hoehn sold the car to Roland Edens Auto Sales Company of St. Louis and delivered to it the Illinois certificate of title in the same condition they had received it from Maury Furman.   Edens acknowledged the signature of Maury Furman on the Illinois certificate of title.   Edens then sold the car to Guthrie Nuckles, who in turn sold it to Pingleton and Cantrell, appellants herein, and they in turn sold the car

to Jack Wortham, who gave the bad check for the purchase price. With each sale of the car the original Illinois certificate of title issued to Maury Furman was passed on to the purchaser without, in fact, complying with the Missouri statutes with regard to the transfer of titles to automobiles. Both plaintiffs and defendant requested a directed verdict and the Court rendered judgment in favor of the defendant Shepherd, appellee herein.

The appellants contend that, since Wortham obtained the car from them on the false representation that the check he gave for the purchase price was good, when in fact it was worthless, they did not part with the title and can replevy the car. Appellee contends that appellant did not comply with the Missouri law with regard to the title certificate, and, therefore, never did have title to the car and cannot repossess it; also, that the appellee Shepherd bought the car in good faith, for value, and without notice of the seller's defect of title.

Section 68-1424, Ark. Stats., provides: "Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title."

This section of the statute is a part of the uniform sales act (§ 24), and is applicable to the situation presented here. The seller, Wortham, had a voidable title to the automobile by reason of having obtained it by falsely representing the check he gave for the purchase price to be good. But, his title had not been avoided at the time he sold the car to Shepherd, who bought the automobile in good faith, for value, having paid $1,455 for it, and without notice of the seller's defect of title. Shepherd, therefore, according to the statute, acquired good title to the automobile.

The courts of several states which have adopted the uniform sales act have passed on this question. *Uniform Laws Annotated*, Vol. 1, § 24, cites *Island Trading Co.,*

*Inc.* v. *Berg Bros., Inc.,* 209 App. Div. 63, 204 N. Y. S. 523, 146 N. E. 345, and a long list of other cases to the effect that a fraudulent sale may not be rescinded if the goods have been transferred to a *bona fide* purchaser.

Where property is obtained from its owner by fraud and facts show sale by owner to fraudulent buyer, an innocent purchaser of property from fraudulent buyer will take good title. *Snyder* v. *Lincoln,* 35 N. W. 2d 483, 150 Neb. 580.

Since a fraudulent purchase of personal property accompanied with delivery is not void, but only voidable at the election of the seller, until it is avoided by the seller the buyer has power to make a valid sale of the goods to a *bona fide* purchaser who has no notice of the fraud. *Parr* v. *Helfrich,* 189 N. W. 281, 108 Neb. 801.

Where persons selling lambs to one whose purchase-money checks were dishonored failed to rescind sale and avoid purchaser's title to lambs before his sale thereof to another, second purchaser and persons to whom he subsequently sold lambs, acquired good title thereto as purchasers in good faith, for value, without notice of any defect in original seller's title. *Keegan* v. *Kaufman Bros.,* 156 Pac. 2d 261, 68 Cal. App. 2d 197. See, also, Brown on Personal Property, § 70, p. 211.

It is unnecessary to discuss the question of whether appellants are precluded from repossessing the car by reason of having failed to comply with Missouri law in regard to the certificate of title.

The judgment of the Circuit Court is affirmed.