ACLIN v. MANHATTAN CREDIT CORPORATION.

5-877                                    287 S. W. 2d 451

Opinion delivered February 27, 1956.

J. E. Lightle, Jr., for appellant.

Talley & Owen and William L. Blair, for appellee.

J. SEABORN HOLT, Associate Justice.   Appellee, Manhattan Credit Corporation, brought this suit to recover $1,200 and interest alleged to be due on a note which was secured by a mortgage on an automobile.   Material facts appear not to be in dispute and were stipulated as follows: "On March 15, 1955, the defendant, Mrs. Earnest Hughes, purchased from the defendants, Searcy Truck and Tractor Company, at their place of business at Searcy, Arkansas, the vehicle involved herein.   Said purchase was completed about 4:00 p. m. on said date and Mrs. Hughes gave defendants a check upon the First National Bank of Little Rock, Arkansas, in the amount of $3,058.50 in full payment of the purchase price of said vehicle and including the sales tax and cost of the 1955 license.   The defendants gave to Mrs. Hughes on the same afternoon the customary dealer's bill of sale," . . . which contained this provision, "And we hereby covenant that we are lawful owners of the above described motor vehicle, that the same is free from all incumbrances except None.   That we have good right to sell same, and that we will warrant and defend the same against all lawful claims and demands whatsoever except None."

"Defendants, on the same afternoon, accompanied the said Mrs. Hughes to the license bureau at Searcy, Arkansas, and assisted her in making application for an

Arkansas registration certificate and title certificate and giving their check for the sales tax and license tax; said application being attached hereto. . . . That said check was twice deposited for collection by the defendants, first, on March 19, 1955, and next on March 25, 1955, and was returned by the First National Bank of Little Rock, marked: 'Unable to locate account.' That the said Mrs. Earnest Hughes, Jr., had no account at said bank at said time. That on March 21, 1955, the said Mrs. Earnest E. Hughes applied to the plaintiffs, Manhattan Credit Corporation, for a loan on said automobile and on the 23rd day of March, 1955, the same was granted and she thereupon executed the note and mortgage described in plaintiff's complaint, the original of which are hereto attached. . . . That at the time said loan was made the said Mrs. Hughes had in her possession, and delivered to plaintiffs an Arkansas Registration Certificate and an Arkansas Certificate of Title in her name as the owner of the vehicle, showing no liens or encumbrances. That plaintiff advanced to the said Mrs. Hughes the sum of $1,200.00 and took her said note in the amount of $1,694.40, which included interest in the sum of $159.13, insurance premiums as follows: Collision and Comprehensive, $224.00, Liability, $43.50, Life Insurance, $67.77. That no amount has been paid upon plaintiff's note or mortgage and there is now due the plaintiffs the amount of $1,200.00, plus accrued interest of $38.00. That on or about April 1, 1955, the defendants, Searcy Truck and Tractor Company, repossessed the vehicle at the home of Mrs. Earnest E. Hughes, Jr., in Lonoke County. That the plaintiff, Manhattan Credit Corporation, after execution of said note and mortgage, obtained a certificate of title to said vehicle showing a lien in their favor; the same being attached hereto. . . ."

The trial court, sitting without a jury, found that Mrs. Hughes had obtained possession of the automobile by fraudulent means amounting to larceny but that "The issuance of a certificate of title to said vehicle (by the Arkansas Revenue Department) pursuant to the bill of sale, and the application for title showing no liens there-

on, gave to Mrs. Hughes, sufficient title to said vehicle to convey the same to innocent third parties. The plaintiff, the Manhattan Credit Corporation, was entitled to rely upon the certificate of title, issued by the State of Arkansas, in making said loan to the defendant, Mrs. Earnest Hughes, as against the defendant, the Searcy Truck and Tractor Company. By the mortgage upon said vehicle they obtained a superior title thereto as against the defendant, the Searcy Truck and Tractor Company,'' . . . and rendered judgment for appellee in amount of $1,200 plus $38 interest. This appeal followed.

Appellant says: ''. . . the issues presented by this appeal seem to narrow down to the question of whether the issuance of an Arkansas Certificate of Title is sufficient to give title to one who has secured possession of an automobile by larceny.''

Here the dealer, appellant, not only gave Mrs. Hughes possession of the car and a bill of sale, in which there was a covenant and warranty that the dealer, appellant, was the lawful owner of the automobile and same was free from all incumbrances, but in addition helped her to obtain a certificate of title under the provisions of our ''Motor Vehicles—Certificate of Title Act,'' §§ 75-101—75-191, Ark. Stats. (Supp.) 1947. Section 75-133, Par. 4 (b) provides that every owner who applies for a certificate of title must, among other things, ''when such application refers to a new vehicle [as here] purchased from a dealer the application shall be accompanied by a statement by the dealer or a bill of sale showing any lien retained by the dealer.'' As indicated, the bill of sale, showing no incumbrances was presented to the State Revenue Department and a certificate of title was duly issued to Mrs. Hughes based upon the bill of sale. In the circumstances, we hold that appellee had a right to rely upon the certificate of title and in good faith made the loan to Mrs. Hughes and was in the position of an innocent third party. The applicable rule is announced in 18 A. L. R. 2d 813 where it is stated: ''A situation frequently arises where the seller of an automobile, in taking a check in payment,

delivers the motor vehicle and certificate of title to the purchaser, and the latter transfers it to an innocent purchaser for value before the dealer learns that the payment check is forged or otherwise bad. In such circumstances a preliminary issue is raised as to whether the original purchaser receives any title at all which he can convey to an innocent purchaser. If it is found that he received even a voidable title, it is generally held that the innocent purchaser, relying upon the possession of the vehicle and the certificate of title, will be protected against the claims of the original seller.'' While Mrs. Hughes' title was voidable, it does not change the situation here. Our holding in the case of *Pingleton* v. *Shepherd,* 219 Ark. 473, 242 S. W. 2d 971, applies with equal force here: ''Section 68-1424, Ark. Stats., provides: 'Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title.'

''This section of the statute is a part of the uniform sales act (§ 24), and is applicable to the situation presented here. The seller, Wortham, had a voidable title to the automobile by reason of having obtained it by falsely representing the check he gave for the purchase price to be good. But, his title had not been avoided at the time he sold the car to Shepherd, who bought the automobile in good faith, for value, having paid $1,455 for it, and without notice of the seller's defect of title. Shepherd, therefore, according to the statute, acquired good title to the automobile.''

Finding no error, the judgment is affirmed.