Tim SMITH and Shelby Arrington *v.*
Shawn J. RUSS

CA 99-801                                                    13 S.W.3d 920

Court of Appeals of Arkansas
Division IV
Opinion delivered April 12, 2000

*Wright & Van Noy*, by: *Herbert T. Wright, Jr.*, for appellant.

No response.

JOSEPHINE LINKER HART, Judge. The circuit court determined that appellants, Tim Smith and Shelby Arrington,

breached a contract for the sale of an automobile to appellee, Shawn J. Russ. The court awarded appellee $12,078.16, of which $10,395.00 served as compensation for lost tips and wages resulting from appellee's lack of transportation with which to deliver pizzas and his consequent demotion from pizza delivery driver to cook. On appeal, appellants argue that to establish a breach of the contract, appellee had to prove, as he alleged, that the car was stolen, and the court erred in finding that there was a breach of contract because appellee did not prove that the vehicle was stolen. They further argue that the court erred in awarding consequential damages in the form of lost earnings. While we conclude that the court's finding that appellants breached the contract was not clearly erroneous, we further conclude that the court erred in awarding damages stemming from appellee's lost tips and wages. Therefore, we affirm in part, and we reverse in part and remand for an award of damages consistent with this opinion.

Appellee, appearing *pro se*, provided the only testimony at trial. According to him, on December 22, 1997, appellant Arrington, at Auto 1 USA, sold him a 1987 Black Nissan Maxima. Appellee paid $500 in cash, $400 in trade, and executed a promissory note in the amount of $100. Appellee, however, was unable to obtain a title on the car, and appellants never provided him with one. On January 17, 1999, appellee was stopped by police "for being in a stolen car." After providing the police with proof that he had purchased the car, he was released. When appellee complied with a request by the police to return the vehicle to the dealer, the owners of the vehicle were present at appellants' business. Appellee was then given a loan vehicle that was not roadworthy. Appellee was given another loan vehicle by appellant Smith to use until appellant Arrington was released from jail. On February 7, 1999, after appellant Arrington was released from jail, he went· to appellee's residence and demanded return of the vehicle. Appellee refused and explained that he could not return the car until he was given another car because "I had paid him for a car." After appellee refused to return the car, appellant Arrington unsuccessfully attempted to have the car towed and then called the police, who arrested both appellee and appellant Arrington. The police ordered appellee to return the car. Afterwards, appellants neither provided appellee with a replacement vehicle nor returned the purchase money.

■ We disagree with appellants' conclusion that appellee had to prove that the car was stolen in order to establish a breach of contract. "The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." Ark. Code Ann. § 4-2-301 (Repl. 1991). "[T]here is in a contract for sale a warranty by the seller that ... [t]he title conveyed shall be good and its transfer rightful...." Ark. Code Ann. § 4-2-312(1)(a) (Repl. 1991). Here, appellants never provided to appellee title to the vehicle. Further, after appellee returned the vehicle to appellants, appellee never received a replacement vehicle or return of his consideration. In bench trials, the standard of review on appeal is whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *See Schueck v. Burris*, 330 Ark. 780, 957 S.W.2d 702 (1997). Here, the court did not clearly err in finding that appellants breached the parties' contract for the sale of an automobile.

■ We conclude, however, that the court erred in awarding appellee lost tips and wages. "Consequential damages resulting from the seller's breach include ... [a]ny loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise." Ark. Code Ann. § 4-2-715(2)(a) (Repl. 1991). Appellee never presented evidence that, at the time of contracting, appellants had reason to know the particular needs of appellee. Thus, we reverse and remand on this point for an award of damages consistent with this opinion.

Affirmed in part; reversed in part and remanded.

PITTMAN and STROUD, JJ., agree.