## MIDWAY AUTO SALES, INC. *v.* Mike CLARKSON

CA 00-254                                    29 S.W.3d 788

Court of Appeals of Arkansas
Division IV
Opinion delivered November 1, 2000

*James O. Strother*, for appellant.

*Zurborg & Spaulding, P.A.*, by: *J. David Zurborg*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Midway Auto Sales, Inc., sued appellee Mike Clarkson for breach of title after a 1986 Corvette it had bought from Clarkson was confiscated as a stolen vehicle by the Washington County Sheriff's office. Appellee then filed a third-party complaint against Larry Bowen, who had sold the car to him. At some time before April 1, 1998, Jimmy Haddock purchased the car with an open title from an individual in Oklahoma with a computer-generated check on a nonexistent bank account. On April 1, 1998, Mr. Haddock entered into negotiations to sell the Corvette to Mr. Bowen on an open title in exchange for a pickup truck, a camper trailer, and $1,000 in cash. Before consummating the sale, Mr. Bowen checked with the Oklahoma licensing agency and was informed that the car's title was free of encumbrances. He did not register the car. On June 11, 1998, Mr. Bowen sold the Corvette with the open Oklahoma title to appellee for $5,500. Clarkson also did not register the car. He sold it to Midway for $6,000 with the same open title on July 18, 1998. On July 24, 1998, the Corvette was confiscated by the sheriff's department as a stolen vehicle and was later released to the original seller.

In his letter opinion, the circuit judge said that the original seller had the opportunity to void the sale and the certificate of title so that they did not pass into the hands of bona fide purchasers, which he found Clarkson and Mr. Bowen to be. He recognized the hardship to Midway but stated that Midway must take its recourse against someone other than the bona fide purchasers. Midway has appealed from the order of dismissal.

■ Midway argues that Clarkson breached his warranty of title because the Corvette was confiscated as a stolen vehicle by the sheriff. According to Ark. Code Ann. § 4-2-312(1)(a) (Repl. 1991),

in a contract for sale, there is a warranty by the seller that the title conveyed is good and its transfer rightful. *See Smith v. Russ*, 70 Ark. App. 23, 13 S.W.3d 920 (2000). Clarkson relies on Ark. Code Ann. § 4-2-403 (Repl. 1991), which recognizes the legal distinction between a sale of stolen goods and a sale of goods procured through fraud. Absent exigent circumstances, one who purchases from a thief acquires no title as against the true owner. *Eureka Springs Sales Co. v. Ward*, 226 Ark. 424, 290 S.W.2d 434 (1956). However, under section 4-2-403, the result is different when property obtained by fraud is conveyed to a bona fide purchaser:

> (1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
>
> ....
>
> (b) The delivery was in exchange for a check which is later dishonored; or
>
> ....
>
> (d) The delivery was procured through fraud punishable as larcenous under the criminal law.

This section of the Uniform Commercial Code has been explained as follows:

> Under 2-403, voidable title should be distinguished from void title. A thief, for example, "gets" only void title and without more cannot pass any title to a good faith purchaser. "Voidable title" is a murky concept. The Code does not define the phrase. The comments do not even discuss it. Subsections (1)(a)-(d) of 2-403 clarify the law as to particular transactions which were "troublesome under prior law." Beyond these, we must look to non-Code state law. In general voidable title passes to those who lie in the middle of the spectrum that runs from best faith buyer at one end to robber at the other. These are buyers who commit fraud, or are otherwise guilty of naughty acts (bounced checks), but who conform to the appearance of a voluntary transaction; they would never pull a gun or crawl in through a second story window.

Presumably these fraudulent buyers get voidable title from their targets, but second story men get only void title because the targets of fraud are themselves more culpable than the targets of burglary.

....

Subsection (1)(b) of 2-403 deals with a more common occurrence: the "rubber check." Even when Bert Buyer pays Sam Seller with a check that returns to Sam marked "NSF," a good faith purchaser from Bert takes good title.

....

Subsection (1)(d) of 2-403 provides that even where delivery was procured through criminal fraud, voidable title passes. Thus if Bert acquired goods from Sam with a forged check, a good faith purchaser from Bert would obtain good title.

James J. White and Robert S. Summers, *Uniform Commercial Code* § 3-12 at 187-89 (4th ed. 1995).

■ In his letter opinion, the circuit judge relied on *Pingleton v. Shepherd*, 219 Ark. 473, 242 S.W.2d 971 (1951), which was decided before the Uniform Commercial Code was enacted. There, it was held that the appellee, who had purchased an automobile in good faith from an individual who had given the appellant a worthless check, had good title. In so holding, the court relied upon a provision of the Uniform Sales Act, Ark. Stat. Ann. § 68-1424, which stated:

Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defect of title.

The court held that a fraudulent purchase of personal property accompanied with delivery is not void, but only voidable at the election of the seller; until it is avoided by the seller, the buyer has power to make a valid sale of the goods to a bona fide purchaser who has no notice of the fraud. *See also Aclin v. Manhattan Credit Corp.*, 225 Ark. 1028, 287 S.W.2d 451 (1956).

Section 4-2-403 is consistent with the court's decision in *Pingleton v. Shepherd*. Therefore, it follows that: (1) Mr. Haddock obtained a voidable title from the original seller, with whom he

entered into a voluntary transaction of purchase; (2) until the sale was avoided by the original seller, Mr. Haddock had the power to transfer good title to a good-faith purchaser; (3) if Mr. Bowen was a good-faith purchaser, he had good title to convey to Clarkson, who would have conveyed good title to Midway; and, (4) if the title Clarkson conveyed to Midway was good, the warranty of title was not breached. Therefore, the issue is whether Mr. Bowen and Mr. Clarkson were good-faith purchasers.

■ ■ "Good faith" is defined at Ark. Code Ann. § 4-1-201(19) (Supp. 1999) as "honesty in fact in the conduct or transaction concerned." Generally speaking, whether a party has acted in good faith in a commercial transaction is a question of fact. *Adams v. First State Bank*, 300 Ark. 235, 778 S.W.2d 611 (1989); *Hollis v. Chamberlain*, 243 Ark. 201, 419 S.W.2d 116 (1967). In bench trials, the standard of review on appeal is whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Smith v. Russ, supra*. Mr. Bowen testified that, before consummating his purchase, he contacted the Oklahoma licensing agency and was informed that the Corvette's title was good. Mr. Clarkson testified that Mr. Bowen related this information to him.

■ Relying on *Acklin v. Manhattan Credit Corporation, supra*, Midway argues that an individual cannot be a good-faith purchaser unless the vehicle is titled in the name of the seller. There, a certificate of title based upon a bill of sale, issued to the borrower, was held to be sufficient reason to assign innocent third-party status to the lender that had relied upon it. The case does not, however, hold that one cannot be a bona fide purchaser without a certificate of title in the name of the seller. Although it would have been obvious to Midway when it purchased the vehicle, Midway now makes much of the fact that neither Mr. Bowen nor Mr. Clarkson registered the vehicle; however, it has provided no citation to authority holding that this failure will prevent one's buyer from acquiring bona-fide-purchaser status. We hold that the circuit judge's finding that Mr. Clarkson and Mr. Bowen were good-faith purchasers is not clearly erroneous. Accordingly, Clarkson did not breach the warranty of title.

Affirmed.

NEAL, J., agrees.

BIRD, J., concurs.

SAM BIRD, Judge, concurring. I agree with the majority's decision, but only because it appears to be the result mandated by the existing Arkansas case law as set forth in *Pingleton v. Shepherd*, 219 Ark. 473, 242 S.W.2d 971 (1951), and similar cases that discuss the distinction between the status of the title to an automobile that has been acquired by fraud (in which case good title can be passed to subsequent purchasers until such time as the defrauded party successfully voids the transaction) and an automobile that is acquired by theft (in which case neither the thief nor a subsequent purchaser acquires any title to the automobile). Any person who acquires ownership of a motor vehicle in this state is required to register it within ten days[1] with the Department of Motor Vehicles and receive a certificate of title to it. Ark. Code Ann. § 27-14-903(a)(1) (Repl. 1994). Failure to do so is a Class C misdemeanor. Furthermore, the purchaser of a new or used motor vehicle for a consideration of $2,000 or more is required to pay a gross receipts tax on the vehicle at the time of registration. Ark. Code Ann. § 26-53-126 (Repl. 1997). The sale or purchase of a motor vehicle on a so-called open title (a title certificate in which the name of the present seller is not identified as the owner of the automobile) is prima facie evidence that these requirements have not been met.

Because of these registration and sales tax requirements, in my opinion the law of Arkansas, as it relates to the good-faith sale and purchase of motor vehicles, is outmoded, and it should be changed to provide that, except in the case of purchases of motor vehicles *from* authorized automobile dealers, any purchaser acquiring a motor vehicle on an open title is not a bona fide purchaser and can neither acquire nor transfer good title to it. The exception for purchasers from authorized motor vehicle dealers should apply only when such dealer acquired the motor vehicle directly from the person whose name is on the title. Otherwise, no transferee of a motor vehicle on an open title, whether acquired from one who got it by fraud or by theft, should qualify as a bona fide purchaser.

---

[1] Effective January 1, 2000, the registration deadline was extended to thirty days. Ark. Code Ann. § 27-14-903(a)(1)(Supp. 1999).

The supreme court has held that where a purchaser of personalty knows that the price is inadequate, he is on notice of the infirmity of his seller's title and is, therefore, not a bona fide purchaser for value. *Hollis v. Chamberlin*, 243 Ark. 201, 419 S.W.2d 116 (1967). It seems to me that an even stronger reason exists to deny bona-fide-purchaser status to one who buys a motor vehicle with knowledge that there has been no compliance with either the registration or tax laws that are applicable to the transfers of motor vehicles in this state.