## Island Trading Company, Inc., Respondent, *v.* Berg Brothers, Inc., Appellant.

**Sale — cash or credit — title — conversion — fraud — sale of merchandise to dealer for cash who without paying for same obtains by trick documents indicating ownership, resells merchandise and collects payment — refusal of vendor to deliver — when sub-purchaser may recover from vendor the value of the goods.**

Where a dealer sold merchandise to plaintiff which he had purchased from defendant, terms cash, but not paid for, defendant giving to the dealer, however, the *indicia* of ownership by reason of his fraudulent representations that he would get the money and pay for the goods, and plaintiff paid the dealer therefor on the strength of such evidence of ownership, the defendant put it in the power of the dealer to obtain plaintiff's money in payment of the goods and, the defendant having refused to allow delivery of the goods to plaintiff, although it had shipped them to its address, the latter may properly recover in an action for conversion. Defendant having assented to the resale by its action is amenable to the rule that as between two innocent victims of a fraud, the one who made possible the fraud on the other should suffer.

*Island Trading Co.* v. *Berg Brothers,* 209 App. Div. 63, affirmed.

(Argued December 11, 1924; decided December 19, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 12, 1924, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Herman Shulman, David L. Podell* and *Jacob J. Podell* for appellant. The plaintiff failed to prove that it had title or the right to immediate possession of the goods in question so as to enable it to maintain an action of conversion under any theory of law, and the trial court erred in finding that the delivery of the merchandise to the United States postal authorities passed such title and the right to possession to the plaintiff. (1 Williston on Sales [2d ed.], § 346; *Gibson* v. *Tobey,* 46 N. Y. 637; *Rathkowsky* v. *Dunn,* 64 N. Y. Supp. 934; *Leven* v. *Smith,* 1 Den. 573; *Baker* v. *Hoag,* 7 N. Y. 555; *Englehart Co.* v. *Kaufman,* 5 App. Div. 475.) The trial court committed reversible error in refusing to dismiss the complaint or to limit the plaintiff's recovery to nominal damages upon the ground that plaintiff totally failed to prove the market value of the goods at the time of conversion and erred in holding that the damage sustained by the plaintiff from the defendant's alleged conversion was the purchase price which Murat Bey agreed to pay to the defendant and not the market value of the merchandise at the time of the conversion in November, 1919, eight months thereafter. (*Whitmark* v. *Norton,* 15 Daly, 548; *National Cash Register Co.* v. *Agne,* 43 App. Div. 605; *Martial, Armand & Co.* v. *Creighton,* 167 N. Y. Supp. 333.)

*John T. Loughran, John W. Hannon* and *James A. Delehanty* for respondent. The trial court has found that the transaction had by the defendant with Murat Bey was a sale on credit and there is evidence sufficient to sustain such finding. (*Adams* v. *Roscoe Lumber Co.,* 159 N. Y. 176; *Race* v. *Krum,* 222 N. Y. 410; Williston on Sales, 549, 550; *People ex rel. Woronoff* v. *Mallon,* 222 N. Y. 456; *Hayden* v. *New York Railways Co.,* 233

N. Y. 34; *Glazier* v. *Shepard*, 233 N. Y. 236.) Although it did not raise the question in the Appellate Division, the defendant attempts in this court to claim that there was no proof of the value of the goods at the time of the conversion, despite the undisputed proof of such value by the defendant's own books. (*Koester* v. *Rochester Candy Works*, 194 N. Y. 92.) Murat Bey made no false representation to the defendant. Assuming, however, that Murat Bey was a fraudulent purchaser from the defendant, the title acquired by the plaintiff is nevertheless valid. (*Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *Whipple* v. *Brown Brothers Co.*, 225 N. Y. 237; Williston on Sales, § 105.)

Pound, J. This is an action for conversion. Murat Bey of New York sold merchandise to plaintiff, a corporation of Manila, P. I., and bought of defendant, a New York corporation. He had a letter of credit, issued at request of plaintiff, by the Philippine National Bank whereby the bank agreed that its New York agency would cash drafts accompanied by parcel post receipts and certified invoices to cover cost of leather goods and hosiery to be shipped by him to plaintiff. He bought from defendant such merchandise of the value of upwards of $1,200. Defendant did up the merchandise, addressed the packages to plaintiff, and mailed them from the New York office by parcel post, paying postage thereon, issued its invoice therefor to Murat Bey. It also delivered to him the postal receipts on his assertion that he would go and get the cash and pay defendants. Murat Bey then made out an invoice to plaintiff in his own name for his selling price, drew draft on plaintiff for the amount, took invoice, insurance policy issued in plaintiff's name as owner, and the postal receipts to the bank and got the money thereon. He did not pay the defendant. After waiting about three weeks defendant obtained a stop order from the New York post office on the Manila post office

and the goods, not having been delivered to plaintiff, were returned to it. Plaintiff sued for the value of the goods. Both parties moved for the direction of a verdict and verdict was directed for plaintiff.

Defendant's theory is that the case depends on whether title, the right to possession, passed to plaintiff by delivery of the goods to the post office. The first question considered below was whether the sale was a cash sale. The court refused so to find and made no finding whether the sale was for cash or credit. If a credit was given or the condition of payment waived by delivery the sale was unconditional, title passed out of defendant and defendant could look only to Murat Bey for the price. (Personal Prop. Law [Cons. Laws, ch. 41], § 100; *Gibson* v. *Tobey*, 46 N. Y. 637.)

But the result herein would not be different if the sale to Murat Bey was for cash. The evidence points in that direction. No term of credit is suggested. It is conceded that defendant gave Murat Bey the postal receipts on his promise to go to the bank and get the cash to make the payment at once, which he did not do. Why put this condition on him if the sale was on his credit? Some point is made that the defendant's books were altered so that an original entry in the form of a sale on credit had been changed by striking out the printed word "regular" (meaning a credit of thirty days or so) and writing in place thereof the word "cash." This evidence is relied on as sufficient to permit an inference that the sale was on credit. Defendant did business on credit on ninety per cent of its accounts, but it had not done business on credit with Murat Bey and it does not appear that this change was made after the transaction in question. There is no evidence of the actual transaction of the defendant with Murat Bey. Defendant's vice-president, called as a witness by plaintiff, had no transactions with him. Murat Bey was not called. The plaintiff's case rests on the book entries and a concession of counsel on the trial as to the delivery of the postal receipts, which point to the conclusion

that the sale to Murat Bey was for cash and that possession of the postal receipts was obtained by trick.  In other words, that Murat Bey stole defendant's goods, that it was entitled to possession of them, did not assent to the transfer of ownership by him, and had the right to retake them (Williston on Sales [2d ed.], § 346), except for the circumstances of the sale to the subpurchaser, the plaintiff.  Plaintiff and defendant are strangers to each other.  No question arises as to the *bona fides* of plaintiff.  It bought the goods from Murat Bey and paid for them.  Defendant put it into Murat Bey's power to obtain plaintiff's money to pay for the goods.  It assented to the resale by shipping the goods to the subpurchaser and allowing Murat Bey to take the postal receipts to obtain the money from the subpurchaser which paid for them.  As between two innocent victims of the fraud, the one who made possible the fraud on the other should suffer.  (Personal Property Law, § 104; *Dows* v. *Kidder*, 84 N. Y. 121, 128; *Parker* v. *Baxter*, 86 N. Y. 586, 591.)

Appellant contends that the judgment against defendant is not sustained by the findings because there is no finding that the sale was on credit.  The decision finds the ultimate facts and it is not necessary to find the evidentiary facts.  From the present viewpoint, it is immaterial whether the sale was for cash or on credit.

It is also contended that there is no evidence as to market value at time of conversion.  The verdict directed was for the price which Murat Bey agreed to pay for the goods.  The motion to dismiss was on the general ground that " no cause of action has been established." But a cause of action was established for nominal damages at least and defendant credited Murat Bey with the price of the goods and that is an admission of value.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.