MICHEL TCHLENOFF, Appellant, v. HARRY A. JACOBS et al., Copartners under the Name of CITY FACTORS, Respondents.— Action to cancel a chattel mortgage, to declare plaintiff the owner of the chattels, and for other relief. Order granting defendants' motion for summary judgment and denying plaintiff's cross motion for summary judgment under rule 113 of the Rules of Civil Practice, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. With the right to sell, and with plaintiff's consent, the Universal Machine Tool Manufacturing Company, Incorporated, had possession of the chattels claimed to be owned by plaintiff. That company gave a mortgage on the property to defendants. The mortgage is void as against the creditors of Universal by reason of the failure to comply with the provisions of section 230-a of the Lien Law. The rights of the creditors are now vested in the trustee in bankruptcy of Universal and not in plaintiff. If it be deemed that the possession of Universal was that of a conditional vendee under the agreement between it and plaintiff, then under the Uniform Conditional Sales Act (Personal Property Law, § 69, amd. L. 1941, ch. 851) the defendants who took the mortgage are purchasers. (See definitions, Personal Property Law, § 156.) As against purchasers, the owner's reservation of property is void. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See post, p. 987.]

### (March 13, 1944.)

EMMA C. BONNEY et al., Appellants, v. JOHN P. KANE, Defendant, and CITY OF NEW YORK, Defendant-Respondent.— Action to recover for personal injuries, property damage and loss of services resulting from a collision between respondent's bus and appellants' automobile. Judgment in favor of the respondent, based upon a jury verdict, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

CHARLES E. BOYAN, Suing in Behalf of LIBERTY MUTUAL INSURANCE COMPANY and in His Own Behalf, Respondent, et al., Plaintiffs, v. GENERAL TIME INSTRUMENTS CORPORATION, Appellant.— Appeal by defendant from an order denying its motion under rules 112 and 113 of the Rules of Civil Practice for a judgment dismissing the cause of action of the respondent. Order reversed on the law and the facts, without costs, and the motion granted, without costs. This respondent has no present interest in the cause of action. It was wholly assigned by operation of law to the insurance carrier, who is also a plaintiff in the consolidated action. (Wilton v. Radish, 266 App. Div. 974; Calagna v. Sheppard-Pollak, Inc., 264 App. Div. 589; Carter v. Brooklyn Ladder Co., Inc., 265 App. Div. 39.) The order of consolidation did not bar the defendant from moving. The questions here presented were not necessarily passed on in the motion for consolidation. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.