■ COUNTY TRUST COMPANY, Appellant, v. MICHAEL P. BERISH et al., Respondents.— Action to recover the amount due on a promissory note. The appeal is from so much of a judgment as dismissed the complaint on the merits after trial before an Official Referee to whom the issues had been referred to hear and determine. Judgment insofar as appealed from reversed on the law and the facts, with costs, and judgment granted as prayed for in the complaint. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Defendants, owners of a house, entered into a written contract with a contractor for the repair and painting of the exterior of defendants' house. At the same time they signed a credit application addressed to the plaintiff, a bank, and signed a promissory note in blank. A few days thereafter plaintiff notified defendants that their application for a loan had been approved, that the plaintiff would make no inspection of the work, and that· upon delivery to plaintiff of a completion certificate "signed by you" the contractor would be paid. There-

after, the contractor did work on defendants' house, on February 2 and 4, 1954. At the conclusion of the work day on February 4 defendants signed a completion certificate. On the following day, February 5, the blanks in the promissory note were filled in (probably by the plaintiff); the note was made payable to the contractor and indorsed by him without recourse; and upon receipt of the completed note and the completion certificate the plaintiff paid the contractor. Thereafter, defendants refused to make the first installment payment on the note, and the plaintiff brought this action. Under their defenses and counterclaim defendants gave evidence that their signatures to the original work contract and the note were obtained upon the contractor's representations that the job would not cost the defendants anything; that at the time defendants signed the completion certificate the work on the house was, in fact, not completed; that defendants read and understood the completion certificate but that they signed it on the contractor's representations that the work would be completed on the next day and that the completion certificate was merely for the convenience of the contractor; that the work on the house was never completed; and that the work that was actually done was inferior. Concededly, plaintiff is not a holder in due course of the note sued upon, and the note.is subject to the same defenses as if it were non-negotiable (Negotiable Instruments Law, § 97). The learned Official Referee held that plaintiff was negligent in paying the money to the contractor without having made some further investigation. Plaintiff had an absolute right to rely on the completion certificate signed and delivered by defendants. Defendants are conclusively bound thereby. (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159, 162–163.) Moreover, both parties having been victimized by the acts of the contractor, the loss must fall upon defendants who permitted its occurrence by the signing and delivery of the completion certificate. (*Island Trading Co.* v. *Berg Bros.*, 239 N. Y. 229, 233.) Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., not voting.