RAND'S DISCOUNT COMPANY, Plaintiff, *v.* UNIVERSAL C. I. T. CREDIT CORPORATION, Defendant.

First Department, March 22, 1960.

*Isidore A. Seltzer* of counsel (*Jerome B. Sherman* and *Stanley R. Lemler* with him on the brief; *Sonnenschein & Sherman,* attorneys), for plaintiff.

*Homer Kripke* of counsel (*Andrew F. Newell* and *Carl Felsenfeld* with him on the brief), for defendant.

RABIN, J. P.    This is the submission of a controversy, pursuant to sections 546–548 of the Civil Practice Act, which raises the question as to whether priority as to 10 automobiles, held by a used car dealer for resale, should be accorded to the conditional sales vendor thereof (defendant), whose contract was not recorded, or to the holder of filed chattel mortgages thereon (plaintiff).

As appears from agreed statement of facts, a corporation known as Lazzaro Sales, Inc., was engaged in the sales of used cars to the public.   Plaintiff and its predecessor in interest filed three mortgage statements executed by Lazzaro pursuant to section 230-c of the Lien Law.   These statements identified Lazzaro as a prospective chattel mortgagor.

Following the filing of one such statement, but before any chattel mortgages were placed on the 10 cars here involved, the defendant agreed with Lazzaro to purchase conditional sales contracts covering automobiles sold by Lazzaro to retail customers. According to the agreement, if there were defaults under such

retail conditional sales contracts and a repossession by the defendant, Lazzaro would repurchase the automobiles from the defendant for retail resale. The price for such repurchase by Lazzaro was to be the unpaid balance due thereon under the original conditional sales agreement. It was provided, however, that the automobiles repurchased by Lazzaro were to continue to be the property of the defendant until the purchase price had been paid in full, by Lazzaro, and it is here, therefore, conceded for the purpose of this submission that the repurchase by Lazzaro constituted a conditional sales contract.

The defendant repossessed 10 automobiles following defaults in payment thereon by conditional vendees of cars from Lazzaro. Pursuant to the described agreement, the 10 vehicles were physically turned over, under condtional sale, by defendant to Lazzaro for resale at retail. The defendant did not record this transaction either under our Uniform Conditional Sales Law (Personal Property Law, §§ 60–81) or otherwise.

While the cars were on Lazzaro's used car lot, 10 chattel mortgages on the autos in issue were given by Lazzaro to plaintiff pursuant to the previously filed mortgage statements. Prior to accepting these chattel mortgages, the plaintiff, in an attempt to ascertain whether Lazzaro had title to the mortgaged cars, examined the Forms MV50 of the Motor Vehicle Bureau evidencing sales to Lazzaro, the defendant not having taken these documents from Lazzaro.

It is not stipulated or suggested that plaintiff had actual or constructive notice of the defendant's reservation of title under a conditional sales contract. Nor could plaintiff have discovered such reservation by a usual search of record, since the defendant did not file the contract or any notice of it. At defendant's instance, when plaintiff placed the chattel mortgages here relied upon by the plaintiff, Lazzaro had ample indicia of unfettered title,—i.e., possession, proof of purchase, and a regular course of business in the sale of cars,—and no public record of adverse title, lien, or encumbrance existed.

In such circumstances the defendant is chargeable with creating the conditions which constitute an estoppel to assert title as against the plaintiff. (*Zendman* v. *Harry Winston, Inc.*, 305 N. Y. 180; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Island Trading Co.* v. *Berg Bros.*, 239 N. Y. 229; cf. Personal Property Law, §§ 43, 104, subd. 1.) "As between two innocent victims of the fraud, the one who made possible the fraud on the other should suffer." (*Island Trading Co.* v. *Berg Bros.*, *supra*, p. 233.) The breadth of this equitable principle of estoppel determines its applicability here irrespective of the nature of

the respective interests of the parties in the subject matter of contention; a misled chattel mortgagee is no less protected than an innocent buyer (see, e.g., *McNeil* v. *Tenth Nat. Bank supra* [stock pledgee] ; *Pennsylvania R. R. Co.* v. *Bank of United States,* 214 App. Div. 410 [warehouse receipt pledgee]).

Defendant contends, however, that since section 65 of the Personal Property Law excepts conditional sales of goods for resale from its general provisions voiding unrecorded conditional sales contracts as to purchasers from or creditors of the conditional vendee, the reservation of title in the conditional sale by the defendant·to Lazzaro for resale is entitled here to recognition and enforcement in preference to the plaintiff's filed mortgages.

In this connection we note that the Second Department has recently held that as to a chattel mortgagee of a conditional vendee, section 69 of the Personal Property Law would void a reservation of title in a conditional sales contract for resale. (*Tchlenoff* v. *Jacobs,* 267 App. Div. 908, affd. 293 N. Y. 904.) Section 69 provides: " When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to performance of the condition, the reservation of property shall be void against purchasers under a resale from the buyer for value in the ordinary course of business, and as to them the buyer shall be deemed the owner of the goods, even though the contract or a copy thereof shall be filed according to the provisions of this article." *Tchlenoff* v. *Jacobs* (*supra*) as one of two alternate holdings, deemed a chattel mortgagee a purchaser " under a resale from the buyer for value in the ordinary course of business " within section 69. However, in view of the explicit indications by the Law Revision Commission, in proposing the language enacted as section 69, that section 69 "not include a mortgagee or pledgee " (1941 Report of N. Y. Law Rev. Comm., p. 242; N. Y. Legis. Doc., 1941, No. 65[J], p. 6), and in view of the alternate holdings of the Appellate Division and the affirmance without opinion in *Tchlenoff* v. *Jacobs* (*supra*) our decision is reached without reference to whether section 69 governs.

We consider that defendant's reliance upon section 65 is misplaced in that section 65 does not dictate disregard of the doctrine of equitable estoppel in the instance of conditional sales for resale. The effect of section 65 is to validate the reservation of title in such conditional sales contracts, even if unrecorded. But the estoppel we find to have been worked here by defendant's actions does not deny title in the defendant; the estoppel supposes such title and then bars its assertion. In each of the

estoppel cases herein cited, title in the estopped party was acknowleged; the estoppel operated to foreclose a claim of title, not to void title.

The compatibility of section 65 and the doctrine of estoppel should work no great hardship to conditional vendors for resale. As in *Zendman* v. *Harry Winston, Inc.* (*supra*) there is here absent any indication that the " defendant's mode of operation is ' so essential ' to the conduct of its business as to warrant placing upon an innocent purchaser the burden and consequences of the very fraud which defendant made possible." (305 N. Y. 191.) Even if conditional vendors such as defendant desire not to avail themselves of the filing provisions of section 64-a of the Personal Property Law, we have no doubt that they are not without other ready means to escape the conditions of an estoppel. Since section 60 guarantees good title in any event to the consumer vendee purchasing from the conditional vendee for resale, it is only as to creditors of the conditional vendee for resale that the prospect of an estoppel arises, and, as to such, the duty of inquiry and awareness is greater than in the case of a consumer vendee and less would be required to constitute notice of a reservation of title in the conditional vendor for resale.

Judgment for the plaintiff should be awarded in the sum of $5,580, plus costs. Settle order.

M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment awarded for plaintiff in the sum of $5,580, plus costs. Settle order.