Fuld, J.
Band’s Discount Company is engaged in the 11 finance business ”, Universal C.I.T. Credit Corporation, in “ the business of purchasing installment contracts resulting from credit sales of automobiles ”. The controversy between them is over their relative rights to 10 automobiles which had been in the possession of a used car dealer, Lazzaro Sales, Inc., and which were the subject of finance contracts between both Lazzaro and Band and Lazzaro and C. I. T.
Between July of 1955 and November of 1957, Band and its predecessor in interest filed three statements which identified Lazzaro as a prospective chattel mortgagor under the provisions of section 230-c of the Lien Law. On February 10, 1956, C. I. T. entered into an agreement with Lazzaro by which the former agreed to take assignments in the future of Lazzaro’s conditional sales contracts of new and used automobiles and by which Lazzaro promised to “ purchase ” the cars which C.I.T. might in the future repossess as assignee of these conditional sales contracts.
From time to time C.I.T. purchased conditional sales contracts from Lazzaro pursuant to their agreement and, between August, 1957 and March, 1958, C. I. T. delivered to Lazzaro 10 cars which it had repossessed. While each of these 10 cars was in Lazzaro’s possession and on its used car lot to be sold, and after inspecting the cars on the lot and examining a bill of sale to Lazzaro, Band, having no knowledge of the agreement between Lazzaro and C.I.T., gave Lazzaro a chattel mortgage on each of the 10 cars.
Sometime after Band took chattel mortgages on the ears concerned, Lazzaro defaulted under its agreement with O. I. T. and that corporation, having made demand on Lazzaro, retook possession of eight of the cars as envisaged by the agreement. Under an arrangement with Band by which the latter reserved its rights to the proceeds of the sale, C. I. T. sold these eight cars. A similar sale of the two remaining cars was made by Band which took them after Lazzaro’s default and, in this proceeding, C. I. T. seeks to recover the money realized as a result of Band’s sale of the two cars, while Band seeks to recover the proceeds of the former’s sale of the remaining eight cars.
The controversy was submitted to the Appellate Division upon a statement of agreed facts (Civ. Prac. Act, §§ 546-548) *458 and that court found in favor of the plaintiff chattel mortgagee, Band, on the ground of estoppel. C. I. T. has raised significant questions concerning the effect of the Uniform Conditional Sales Act on common-law principles of estoppel which, although they were discussed in the Appellate Division in this case (10 A D 2d 240, 243-244) and on other occasions (see Tchlenoff v. Jacobs, 267 App. Div. 908, affd. 293 N. Y. 904; First Nat. Bank of Binghamton v. Hermann Co., 275 App. Div. 415), have never been satisfactorily or finally resolved. Under these circumstances, despite the fact that we believe Lazzaro was an agent and that C. I. T. was estopped from asserting its title under common-law principles (see Zendman v. Harry Winston, Inc., 305 N. Y. 180) as well as our Factors’ Act (Personal Property Law, § 43; see Freudenheim v. Gutter, 201 N. Y. 94), we shall, upon C. I. T. ’s urging, consider Lazzaro a conditional buyer and decide C. I. T. ’s rights under the Uniform Conditional Sales Act (Personal Property Law, art. 4, § 60 et seq.).
Section 65 of the Personal Property Law provides:
“Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods * * * before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale.”
And section 69 provides that, as to conditional sales for resale, “ the reservation of property shall be void against purchasers * * * for value in the ordinary- course of business * * * even though the contract or a copy thereof shall be filed ’ ’.
C. I. T. contends that it is protected against the chattel mortgagee’s assertion of interest despite the fact that it never filed its contract. The argument is that, on the one hand, the requirement of filing to perfect a security interest, found in section 65, is expressly made inapplicable to O. I. T. ’s interest by the last sentence of the section which recites that it ‘ ‘ shall not apply to conditional sales of goods for resale.” On the other hand, the *459 argument continues, whereas purchasers for value in the ordinary course of business are protected under section 69 even though the conditional seller files his contract, a chattel mortgagee such as Band is not a purchaser in the regular course of business and does not have this protection. Ergo, concludes C.I.T., Band, as a chattel mortgagee of goods from a conditional buyer for resale, is not protected by either section 65 or section 69 and, consequently, C.I.T.’s reservation of a security interest was valid.
Plausible though this argument is, it must fail. It is true, of course, that Band, as a chattel mortgagee, is not a purchaser “ in the ordinary course of business ” and is not protected under section 69. This is evident from the ordinary meaning of the words involved, as well as from the report of the Law Bevision Commission which recommended the present legislation (N. Y. Legis. Doc. [1941], No. 65[J], p. 6).[1]
Although Band is not covered by the provisions of section 69, however, it does come within section 65. This is so because the plain sense and purpose of the statutory scheme suggest that a good-faith purchaser who is not protected under section 69 should be protected under section 65. It is true that section 65 excludes from its coverage [1] ‘ conditional sales of goods for resale ”, but this exclusion is designed to apply only to those cases in which the purchasers are protected under section 69. In other words, section 65’s final sentence, providing for this exclusion, must be read to mean ‘ ‘ conditional sales of goods for resale to purchasers in the ordinary course of business ”.
Or, to put the matter in another way, section 65’s exclusion of “ sales of goods for resale ” is designed to provide anyone who comes within its compass with the greater protections of section 69, but it is not designed to provide less protection than section 65 itself does. It would be the height of unreason to ascribe to the Legislature an intent to afford a chattel mortgagee of goods conditionally sold for resale no protection whatsoever; it would be the height of unreason to deprive such chattel mort *460 gagee both of the benefits of filing under section 65 and of the benefits which exist despite filing under section 69. (See 1941 Report of N. Y. Law Rev. Comm., p. 242; N. Y. Legis. Doc. [1941], No. 65[J], p. 6, supra.)
In summary, had Rand been a purchaser in the ordinary course of business from a conditional buyer purchasing for resale, its interest would have been good as against C. I. T., the conditional seller, even if the latter had filed as provided by statute (Personal Property Law, § 69). However, even though Rand, as a chattel mortgagee, was not a purchaser in the ordinary course and even though Lazzaro was a conditional buyer for resale, C.I. T.’s security interest could only be protected by filing (Personal Property Law, § 65). Since C. I. T. failed to file and since Rand had no notice of its interest, Rand must prevail.
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.

. The Appellate Division expressed a contrary opinion in Tchlenoff v. Jacobs (267 App. Div. 908, supra) and, although we affirmed without opinion (293 N. Y. 904), we did so on a different ground. We actually rejected the view that section 69 protects a chattel mortgagee.