FOMBY *v*. COLQUITT.

Opinion delivered October 29, 1892.

*Innocent purchaser—Burden of proof.*

> The burden of proof is on a party who claims protection as a *bona fide* purchaser of property, without notice of a prior unrecorded deed.

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

*Thornton & Smead* for appellant.

The lien of the landlord is paramount to that of a mortgagee. The cotton was delivered to the landlord

in payment of rent, and he thereby acquired the title to it, and sold it to appellant.

*B. F. Askew* and *J. Y. Stevens* for appellee.

The deed to Mrs. Perritt was not put on record—Pyle was left in possession—and appellee had no notice, actual or constructive, of the claim of Mrs. Perritt. He was therefore an innocent purchaser. 16 Ark. 543; Sugd. Vendors, vol. 3 (6th ed.), p. 329, note 1; 31 Ark. 85.

HUGHES, J. This is an appeal from a judgment in replevin in favor of the appellee for the recovery of two bales of cotton. On the 28th of March, W. W. Pyle executed to the appellee as trustee a deed in trust upon all of his cotton crop to be raised in the year 1890, in the county of Columbia, in this State. On the day after its execution the deed was filed in the office of the clerk of the county for record. It was given to secure the payment for supplies to be furnished W. W. Pyle with which to make a crop for 1890. On the first of January, 1889, W. W. Pyle had conveyed to his sister, Mrs. Perritt, eighty acres of land, and had rented the land of her for 1889 and 1890. Mrs. Perritt failed to file her deed for record until after the institution of this suit. In November, 1890, Mrs. Perritt received the two bales of cotton in controversy, which were grown on the land she bought of Pyle, on account of her rent, and sold them to the appellant, Fomby, of whom they were replevied by the trustee, Colquitt, who claimed that the trust deed was taken without any knowledge upon the part of the beneficiary in the trust deed of the ownership of the land by Mrs. Perritt, and that he is an innocent purchaser and has the better right to the cotton. The beneficiary in the deed of trust had died before the trial.

There is no proof in the case that he did not have notice of the sale of the land to Mrs. Perritt when the deed in trust was taken by him from Pyle, or before he furnished the supplies to Pyle to secure payment for

which it was given.   If he had such notice when he took the deed of trust from Pyle, or before he furnished Pyle the supplies upon it, or if he had notice of circumstances that ought to have put a prudent business man upon inquiry, and he failed to make inquiry, he was not an innocent purchaser.   The burden was upon him to prove that he had no notice.   *Gaines* v. *Summers*, 50 Ark. 322 ; Tiedeman on Sales, sec. 329, pp. 534 and 535.

For the want of evidence to support the finding in this behalf, the judgment must be reversed, and the cause remanded for a new trial.