FRED HOLLIS AND HOLLIS MOBILE HOMES, INC. *v.*
DON F. CHAMBERLIN D/B/A DON'S DISCOUNT HOUSE

5-4274                                        419 S. W. 2d 116

Opinion delivered October 9, 1967

*Gus R. Camp,* for appellant.

*Randall W. Ishmael,* for appellee.

J. Fred Jones, Justice. This appeal is from a judgment in replevin rendered in favor of the appellee (plaintiff in the trial court) by the Craighead Circuit Court, Jonesboro Division, with the judge sitting as a jury.

The appellee, Don F. Chamberlin, is an individual dealer in mobile homes in Poplar Bluff, Missouri. In the course of his business he sells new camper units designed for installation on pick-up trucks. The appellant, Fred Hollis, is a dealer in used mobile homes in Jonesboro, Arkansas, and also buys and sells camper units. He operates his business under its corporate name, "Mobile Homes, Inc."

About 7:30 p.m. on July 12, 1966, appellee sold to one Joe Crowder a new camper unit for the retail price of $1,757.74. The appellee had purchased the unit from the factory for the wholesale price of $1,538.25. Crowder gave appellee a check on Citizens Bank in Springfield, Missouri, in full payment for the unit. Crowder loaded the unit onto a pick-up truck, which was too small to properly accommodate the camper unit, and he left appellee's place of business without obtaining a bill of sale, but with announced purpose and intention of returning later to pick up the tail gate of the truck which had been removed from the truck in loading the camper unit and which was left at appellee's place of business. Crowder did not return for the tail gate, but instead, drove the truck with the camper thereon to Jonesboro, Arkansas, and on the following day, July 13, sold the camper unit to the appellants for $500.00. Crowder's check to appellee was dishonored for insufficient funds and appellee instituted suit in replevin against appellants for possession of the camper unit and for damages.

The appellee filed his original complaint and affidavit to obtain delivery August 19, 1966. The complaint and affidavit alleged ownership and right of possession. Appellant filed a motion to dismiss the complaint because appellee was not the owner of the property in-

volved; that Crowder purchased the camper with a check which was dishonored by the bank and that appellant was an "innocent purchaser" of the property for $500.00. Appellee then filed an amended complaint also setting out the transaction between appellee and Crowder in some detail, and stating that appellant "was not an innocent or in good faith purchaser for value."

Appellant filed a motion to strike the amended complaint as untimely after delivery of possession under bond, and this motion to strike contained an alternative plea of general denial and counterclaim for damages.

The trial court made findings and entered judgment as follows:

"(1) The defendant's Answer, being Section 2 of the Motion to Strike Amended Complaint, was only a general denial and there were no pleadings as to an affirmative defense of the defendant being an innocent purchaser for value.

"(2) (a) No title passed from plaintiff to Joe Crowder as title was conditional upon payment of the check tendered for the purchase price.

"(3) (b) Defendant was not an innocent purchaser for value.

"The plaintiff should have judgment for possession of the pickup camper which is the basis for this replevin suit, * * *

"IT IS THEREFORE BY THE COURT considered, ordered and adjudged that the plaintiff have possession of the above described pickup camper which is the basis of this replevin suit; that the plaintiff and the surety on his replevin bond be discharged from any and all further liability in connection with the said bond; and that the plaintiff recover from the defendant all his costs herein

paid, laid out and expended, for which execution may issue.''

At first glance it would appear that the judgment of the trial court is inconsistent with the court's findings. The record is not clear what action, if any, was finally taken on the appellants' motions to dismiss and to strike, but the motion to dismiss does set up the affirmative defense of ''innocent purchaser for value''; appellee's amended complaint recognizes this defense as ''good faith purchaser for value,'' the case was apparently tried and decided on that point, and we conclude that the trial court was correct in the judgment rendered.

The parties seem to agree that this transaction is controlled by the Uniform Commercial Code in Missouri, as between appellee and Crowder, and in Arkansas, as between Crowder and appellant, and that Crowder obtained a voidable title by the delivery of the camper in exchange for the worthless check.

The appellant has cited the correct section of the Uniform Commercial Code applicable to this case. Ark. Stat. Ann. § 85-2-403 (Add. 1961), is as follows:

> ''A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though
>
> * * * (b) The delivery was in exchange for a check which is later dishonored.''

Under the above statute, this case presented a fact question to the trial court as to whether or not appellant was ''a good faith purchaser for value,'' and in this

court on review, the question is whether or not there was any substantial evidence to support the trial court in finding that the appellant "was not an innocent purchaser for value." We accept the terms "good faith purchaser for value" and "innocent purchaser or value," as being synonymous as used in this case, and we conclude that there was substantial evidence to support the trial court's finding on this point. *Arkmo Lumber Co.* v. *Luckett*, 201 Ark. 140, 143 S. W. 2d 1107.

Crowder advised appellants that he wanted to sell the camper because it did not properly fit on his truck and interfered with the safe and proper driving of the truck. "They said: 'Our truck will not haul the camper'." Appellant did not know Crowder nor any of the other three people with him when he purchased the camper unit from Crowder, but he did know that the camper unit looked new and was worth at least $1,000.00. Appellant knew that the unit was "purportedly" transported from Springfield, Missouri, when he purchased it, yet the camper unit did not fit the truck it was on, it was not tied down on the pickup and no explanation was made, and apparently no questions were asked, as to why it was not tied down. Crowder had no bill of sale, or other evidence of title from appellee, and apparently appellant asked no questions concerning Crowder's title. He did, however, require and receive a bill of sale *from* Crowder.

The case of *Gentry* v. *Alley*, 228 Ark. 236, 306 S. W. 2d 695, involved the rightful use of microfilm and the defense of "innocent purchaser for value," was interposed. In holding that the defendants were not innocent purchasers for value, this court said:

> "The record discloses many facts and circumstances which were calculated to have aroused Gentry and Linton's curiosity as to the history and ownership of the questioned film, and very little inquiry would have disclosed the true facts."

In the *Gentry* case we quoted with approval from 77 C. J. S. at page 1092 under the title of Sales, Adequacy of Price, as follows:

"Inadequacy of price, when very great, is of itself evidence to a purchaser of infirmity in his seller's title, and consideration is to be given it, in connection with other circumstances, in determining whether a buyer is a purchaser without notice."

We also quoted from C. J. S., page 1099, same volume, as follows:

"The consideration, in order to be effective to bring a transfer within the doctrine of bona fide purchase, should be an adequate valuable consideration, or a fair consideration, but it need not be up to the full price of the goods."

The trial court was sitting as a jury in this case and there was substantial evidence to support the finding that appellant was not a good faith purchaser of the camper unit for value.

The judgment of the trial court is affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I would reverse and remand this case to the trial court because it does not appear from the trial court's order that a finding was made on the facts involved here. The trial court's order is as follows:

". . . Now, upon this 29th day of October, 1966, upon reviewing the record herein, and a careful consideration of the briefs filed by the parties in the above matter, the Court is of the following opinion:

(1) The defendant's Answer, being Section 2 of the Motion to Strike Amended Complaint, was only

a general denial and there were no pleadings as to an affirmative defense of the defendant being as innocent purchaser for value.

(2) (a) No title passed from plaintiff to Joe Crowder as title was conditional upon payment of the check tendered for the purchase price.

(2) (b) Defendant was not an innocent purchaser for value. . ."

The Uniform Commercial Code in effect in both Arkansas and Missouri with respect to the acquisition of goods here involved provides as follows:

Ark. Stat. Ann. § 85-2-403 (Add. 1961)—

"(1) A purchaser of goods acquires all title which his transferor had or had power to transfer . . . A person with voidable title has power to transfer a good title to a *good faith purchaser for value*. When goods have been delivered under a transaction of purchase the purchaser has such power even though" (Emphasis supplied.)

\* \* \*

"(b) the delivery was in exchange for a check which is later dishonored, or"

Ark. Stat. Ann. § 85-1-201 (Add. 1961)—

"General definitions.—"

\* \* \*

"(19) 'Good faith' means honesty in fact in the conduct or transaction concerned."

\* \* \*

"(44) 'Value'. Except as otherwise provided with respect to negotiable instruments and bank collections . . . a person gives 'value' for rights if he acquires them"

\* \* \*

"(d) generally, in return for any consideration sufficient to support a simple contract."

In referring to the order above set out, I agree with the majority opinion that appellant raised the issue of good faith purchaser for value. Item 2(a) is an incorrect statement of the law, for the reason that under the Uniform Commercial Code the court has to determine only whether the transferor, Joe Crowder, received voidable title from appellee, Don F. Chamberlin d/b/a Don's Discount House. It appears to me that in Item 2(b) the court, as a matter of law, concluded that appellant was not an innocent purchaser for value because of its erroneous interpretation of the law with respect to Items 1 and 2(a).

I am persuaded that this is so because in the trial of the case appellee objected to any evidence showing that appellant was a bona fide purchaser of the trailer, and at that time the trial court indicated that appellant had not pleaded such, but permitted the testimony to be admitted, reserving his ruling thereon with the statement that "it may be this is strictly a matter of law." Under these circumstances, I think appellant was entitled to have the fact issue of his good faith, as defined by the Uniform Commercial Code, determined by the trial court.

Therefore I respectfully dissent.